UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00050-MR

| | |
|---|---|
| CURTIS SHULER,                     )<br>                                              )<br>            Plaintiff,            )<br>                                              )<br>vs.                                       )<br>                                              )<br>                                              )<br>KENNETH E. LASSITER, et al.,  )<br>                                              )<br>            Defendants.        )<br>_____) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915A and 1915(e).

**I.   BACKGROUND**

Pro se Plaintiff Curtis Shuler is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. Plaintiff filed this action on April 20, 2020, naming as Defendants Kenneth E. Lassiter, Kenneth Beaver, Kenneth Poteat, D. Teague, Dennis Selzer, and R. Johnson. [Doc. 1 at 1]. Plaintiff was convicted of first-degree murder in 1976 and is currently serving an eighty-year sentence with a projected release date of November 15, 2055. [Civil Case No. 3:15-cv-00185-FDW, Doc. 5 at 1].

Plaintiff alleges, in part, the following:

> First and foremost before Plaintiff even begins to actually set forth any kind of substantive facts in support of his various claims, he is hereby putting the Court on legal notice for the whole record of this action right now, that he is filing his complaint out of genuine fear for his life. And the main reason for why even way before the very harmful incident mostly complained of herein had happened, is because he is a known about political prisoner who was falsely imprisoned by a state government conspiracy.
>
> …
>
> The Defendants above-named had violated Plaintiff's constitutional rights when they had conspired to actually suppress and in fact cause to completely vanish altogether a very real serious life-threatening emergency grievance of major concern which he had formally made out against the majority of them and had tried to mail to the Director of Prisons on 8/11/2019. But in order to fully hide a very harsh retaliatory schematic act of mistreatment described therein which was camed [*sic*] out against him by some of these Defendants, and thereby avoid the possibilities of any very undesirous heavy repercussions to worry about, Superintendent Beaver had outright stopped it altogether from leaving the prison. In place thereof, he had ordered some members of his mailroom staff to deceive Plaintiff by making it look like to him that his grievance had actually been mailed out. Now before this here totally illegal seizure, Plaintiff's emergency grievance was most certainly appropriate state-administrative remedy procedure made available for him to have pursued, to mainly protect himself from anymore possible vengeful acts coming from them, after they had openly retaliated against him for having filed a normal much more earlier basic unit-management type level grievance on a very small

2

> matter, which could have been so very easily resolved. Except that because some of the specific Defendants had personally disliked and felt really embarrassed by the very truthful morally intelligent real outspoken way in which he had addressed the original issue, not only did they first – in their hotheadedness, wholly disregard and violate their very own administrative procedure rule policy by throwing that grievance away. But then they had also even endeavored to try to succeed in inciting a whole entire segregation cell-block full of inmates where was actually located at during the time, to get extremely angry with him for having filed it from the very start, so that they could then create a real very hostile life-threatening environment for him to reside in.

[Doc. 1 at 5-7].

Plaintiff then goes on to describe, as best as the Court can tell, his own scheme to intentionally be found guilty of a subsequent infraction for disobeying a direct order and sending a copy of the grievance he contends was stolen together with documents related to the appeal from the guilty determination to Kenneth Lassiter, the Director of Prisons. Plaintiff alleges that Defendant Lassiter "was wholly unmoved by what he saw" in the grievance and "remained completely silent" "without responding in any form or fashion." [Id. at 7-8]. Enclosed with Plaintiff's Complaint is an eight-page letter Plaintiff mailed to President Trump on March 12, 2020. Although the letter purports to be regarding "Challenging the legality of the Affordable Health Care Act," it is a rambling, meandering collection of conspiracy

3

theories. [See id. at 10-18].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed at least three pro se complaints under § 1983, proceeding in forma pauperis, with each complaint having been dismissed as frivolous, malicious or for failure to state a claim under the PLRA.[1] See Civil Case Nos. 3:10-cv-00254-GCM, Doc. 5; 3:11-cv-00182-RJC, Doc. 2; and 3:12-cv-00695, Doc. 6. Plaintiff is, therefore, subject to 28 U.S.C. §

---

[1] Plaintiff has also already had two Complaints dismissed in this District on the same § 1915(g) as herein. [Civil Case Nos. 3:13-cv-00584-FDW and 3:15-cv-00185-FDW]. Additionally, Plaintiff alleges having filed two Complaints in the Eastern District that were dismissed, although the grounds for those dismissals are not entirely clear. [See Civil Case Nos. 5:91CT335-F and 5:08CT03088-BO].

4

1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g). Plaintiff's allegations in this regard are wholly conclusory and based on fantastic and delusional scenarios. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (noting that claims "describing fantastic or delusional scenarios" are to be dismissed under on initial review under § 1915(d)). This action will, therefore, be dismissed without prejudice because Plaintiff has not paid the full filing fee.[2]

## III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The Clerk is respectfully instructed to terminate this action.

---

[2] Even if Plaintiff pays the filing fee and refiles this action, it will be subject to dismissal as frivolous because Plaintiff's allegations are, again, fantastic and delusional.

5

**IT IS SO ORDERED.**

Signed: July 22, 2020

Martin Reidinger
Chief United States District Judge